In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2263

United States of America,

Plaintiff-Appellee,

v.

Richard E. Driver,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. NA 99-011-CR-01--S. Hugh Dillin, Judge.

Argued January 23, 2001--Decided March 9, 2001


   Before Posner, Easterbrook, and Ripple, Circuit
Judges.

   Easterbrook, Circuit Judge.  Richard Driver
pleaded guilty to using interstate facilities in
a contract-murder scheme, and to carrying a
firearm during and in relation to that offense.
His sentence was 160 months' imprisonment--light
punishment for crimes of this gravity. But Driver
nonetheless has appealed, testing his luck. His
lawyer asks us to set aside his client's plea, a
step that if taken would cost Driver any reward
for acceptance of responsibility, see United
States v. Lopinski, No. 00-2464 (7th Cir. Jan. 8,
2001), and could lead the prosecutor to withdraw
other favorable elements of the plea bargain,
even if Driver decides to enter a second guilty
plea.

   When taking Driver's guilty plea, the district
judge failed to comply with Fed. R. Crim. P. 11.
The many shortcomings are conceded by the
prosecutor--who sat quietly in the district court
and neglected to alert the judge to the problem.
The district court failed to remind Driver of the
maximum possible penalty, failed to explain that
imprisonment would be followed by supervised
release, failed to advise Driver that if he went
to trial he would be entitled to cross-examine
adverse witnesses, and overlooked several other
mandatory reminders and warnings in Rule 11's
lengthy list. Compliance with Rule 11 is easily
achieved. Both judge and prosecutor can use
check-off forms (which are readily available); it
is surprising and regrettable that the court

continues to see appeals of this kind, where a district judge, a prosecutor, and defense counsel all seem oblivious to the risk.

If Driver had asked the district court for leave to withdraw his plea, then the judge would have had to decide whether the noncompliance with Rule 11 supplied a "fair and just reason" for that relief. Fed. R. Crim. P. 32(e). Even an established violation of Rule 11 can be harmless error, see Rule 11(h), and thus not a "fair and just reason" to return to Square One. A violation would be harmless when the defendant already knew the information omitted by the judge--when, for example, his own lawyer had told him about cross-examination, or the written plea agreement had specified the maximum punishment. See Peguero v. United States, 526 U.S. 23 (1999); United States v. Timmreck, 441 U.S. 780 (1979). A judge may need to hold a hearing to determine what the defendant knew when he entered the plea of guilty. But when a defendant does not move to withdraw the plea in the district court, it will prove hard, and may be impossible, for appellate judges to ascertain the state of his knowledge. If a harmless-error standard nonetheless applies despite the defendant's failure to seek relief in the district court, then many a plea must be set aside on appeal--for the prosecutor bears the burden of establishing the harmlessness of an error. This is Driver's position. Fortified by decisions of the ninth circuit, Driver contends not only that the harmless-error standard governs but also that a court is forbidden to examine anything other than the plea colloquy in order to determine what the defendant knew when pleading guilty. See United States v. Odedo, 154 F.3d 937, 940 (9th Cir. 1998); United States v. Vonn, 224 F.3d 1152 (9th Cir. 2000), cert. granted, No. 00-973 (U.S. Feb. 26, 2000). See also United States v. Lyons, 53 F.3d 1321, 1322 n.1 (D.C. Cir. 1995). This approach almost inevitably leads to reversal with instructions to allow the defendant to plead again; it would have exactly that effect if we followed it.

Which we do not. Like most other appellate courts that have considered this issue, we have held that, when the district court was not asked to set aside the plea, appellate review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Akinsola, 105 F.3d 331, 333 (7th Cir. 1997); United States v. Davis, 121 F.3d 335, 338 (7th Cir. 1997); United States v. Cross, 57 F.3d 588, 590 (7th Cir. 1995). Accord, United States v. Gandia-Maysonet, 227 F.3d 1, 5-6 (1st Cir. 2000); United States v. Bashara, 27 F.3d 1174, 1178-79 (6th Cir. 1994); United States v. Young, 927 F.2d 1060 (8th Cir. 1991); United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996). Cf.

United States v. Glinsey, 209 F.3d 386, 394 n.8 (5th Cir. 2000) (stating that harmless-error approach applies, but that the defendant nonetheless bears the burden). Driver contends that United States v. Fernandez, 205 F.3d 1020, 1028 (7th Cir. 2000), aligns us with the ninth circuit, but he has misread Fernandez. In that case the defendant asked the district court to withdraw his plea and go to trial. We reviewed for harmless error an order denying that motion. When the defendant has not asked for relief in the district court, the more demanding plain-error standard applies. See United States v. Olano, 507 U.S. 725 (1993).

If we were tempted to alter this circuit's approach, we would not be attracted to the ninth circuit's. It is incompatible with the language of Rule 52(b), which calls for plain-error review when a claim of error was "not brought to the attention of the [district] court". (Rule 11(h) does not override Rule 52(b), as the ninth circuit asserts; it simply restates the approach applicable when a claim of error has been preserved in the district court, and thus negates the conclusion of some courts that McCarthy v. United States, 394 U.S. 459 (1969), had abrogated plain-error analysis in Rule 11 cases. See Gandia-Maysonet, 227 F.3d at 5.) Limiting appellate review to a search for plain error serves important functions, among them inducing defendants to present their claims to the district court so that reversible error may be avoided. A motion to withdraw a plea entered after defective procedures enables the district court to build the sort of record that is essential to understanding the effect of any noncompliance with Rule 11; it also permits the district judge to take the plea anew and thus avoid the delay that attends appeal--delay that may undermine the accuracy of any ensuing trial, for memories may fade or evidence be lost as time passes. Finally, in a case such as this, a motion in the district court would dispel uncertainty about whether the defendant really wants to withdraw his plea, give up the consideration received for the plea bargain (including the reduction for acceptance of responsibility), and go to trial. If the defendant plans to plead guilty a second time, reversal would serve no function; there would not even be a case or controversy. Only the defendant knows whether he really prefers a trial, with all the attendant risks. At oral argument Driver's lawyer was unwilling to say that his client actually wants to go to trial (or even to re-plead). Counsel proposed this appellate strategy in writing to his client and, when Driver did not reply to his letters, he filed the brief making the argument we have sketched. Failure to reply to one's mail

may have a high cost indeed for Driver, if this appeal should lead to the loss of the benefits of his plea bargain. A motion in the district court would have avoided all uncertainty about the defendant's position.

Indeed, it is open to question whether even a search for plain error is justified when the defendant did not ask the district court for leave to withdraw his plea, and does not argue that he first became aware after sentencing of some right that the district court omitted from the Rule 11 colloquy. Normally plain-error review applies when the district court takes a step that the prosecutor requested, or when the district judge acts on his own. It is difficult to conceive of judicial acquiescence in a step that the defense itself proposed as plain error. If, for example, defense counsel elicits testimony at trial, the defendant can't argue on appeal that the evidence was hearsay and should have been excluded. See United States v. Wynn, 845 F.2d 1439, 1443-44 (7th Cir. 1988); United States v. Carter, 720 F.2d 941, 948 (7th Cir. 1983). When the court does exactly what the defendant wants, the defendant has waived rather than simply forfeited any argument that things should have been done otherwise. See Olano, 507 U.S. at 732-34; United States v. Richardson, No. 99-4309 (7th Cir. Jan. 25, 2001), slip op. 5-6. Driver sought to change his plea from innocent to guilty. How can Driver assail, as error, the granting of his own request? True enough, the district judge may err in the proceedings leading to the grant, and errors in the execution of Rule 11 may provide sound reasons for withdrawing the plea under Rule 32(e). When the defendant seeks to withdraw the plea and appeals from the denial of this request, the court of appeals applies harmless-error analysis to determine whether any errors at the time the plea was taken justified relief under Rule 32(e). Until a motion to withdraw the plea is made, however, the district judge's bottom line--the entry of judgment on the plea of guilty--cannot be characterized as an error of any kind, making it hard to see why plain-error review would be appropriate.

Nonetheless, the United States has not asked us to replace plain-error analysis with a conclusion that waiver bars appellate review. Nor would it be appropriate for us to modify circuit law spontaneously, when nothing we could do would ameliorate the conflict among the circuits. In Vonn the Supreme Court can choose from the full palette, from harmless-error review on one end to waiver on the other. For now, we are content to apply the plain error standard.

The district judge's omissions at the change-of-

plea hearing are obvious errors. Still, as the Court held in Olano, an error, however obvious, is "plain error" only if the gaffe affected the "fairness, integrity, or public reputation of judicial proceedings." 507 U.S. at 736. See also Johnson v. United States, 520 U.S. 461, 469-70 (1997). Applied to a violation of Rule 11, this means a demonstration (on which the defendant bears the burden of persuasion, see Olano, 507 U.S. at 734) not only that the defendant would not have pleaded guilty in the absence of the district court's error, but also some reason to believe that the defendant should not be convicted--for a conviction achieved after a voluntary guilty plea cannot be described as a miscarriage of justice if the defendant had no defense and was bound to be convicted anyway. He does not have to establish actual innocence, see Olano, 507 U.S. at 736, but still must show that failure to provide relief would cause a miscarriage of justice. Id. at 736-37. Driver does not put any of these requirements to the test, because his appellate brief does not even assert that, had he been informed in open court of the details the district judge overlooked, he would not have pleaded guilty. Nor does he assert that he has any plausible defense that he could advance at trial. Both in a written plea agreement and on his feet in court, Driver avowed that he was pleading guilty because he is guilty. This was not an Alford plea.

What is more, the record goes a good way toward demonstrating that Driver knew most if not all of what the district judge forgot to mention. Much of the information is in the written plea agreement. Some items also turned out to be irrelevant. For example, the judge did not mention the maximum possible sentence, but the plea agreement and "petition to enter a plea of guilty" (which includes the agreed terms) mentioned punishment that exceeded Driver's actual sentence of 160 months. The "petition" recites that the maximum prison term for using facilities of commerce to carry out murder for hire is ten years, and that the minimum term for using a firearm in that offense is five years, which must run consecutively. That's 180 months, and since Driver knew that five years was a mandatory minimum, he had to anticipate the possibility of a sentence longer than 180 months. True enough, some of the omissions in the Rule 11 proceedings were not supplied by the plea agreement. The agreement did not, for example, mention the right to engage in cross-examination if a trial should be held. But neither does Driver now contend that he was ignorant of this right, which his lawyer in the district court must have mentioned when discussing whether the plea bargain was a good deal compared with the

prospects at trial. Almost everyone knows about cross-examination from crime shows on television; it would be a rare defendant who could make a plausible claim that the district court's omission left him ignorant of this entitlement. Driver's appellate lawyer does not advance so bold a contention.

Because Driver does not say either that he was actually ignorant of the points omitted from the colloquy or that he would not have pleaded guilty had the colloquy been conducted properly, he cannot establish plain error. Driver's cause would have been better served by an Anders brief-- for the Anders procedure would have avoided any risk that, against all odds, we would have reversed, and so caused Driver to lose the benefit of his bargain.

Affirmed


 RIPPLE, Circuit Judge, concurring.  It is well-settled in this circuit that plain error analysis ought to be employed in a situation like the one that confronts us today. The panel opinion amply demonstrates that, under that analysis, the judgment of the district court ought to be affirmed. I agree with that determination for substantially the same reasons as my colleagues. However, I respectfully decline to express any opinion on the alternate waiver analysis set forth in the panel opinion. This discussion is dicta and entirely unnecessary to the decision in this case.