**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terenzo HUBBERT, Defendant–
Appellant.**

No. 00–2645.

United States Court of Appeals,
Seventh Circuit.

Submitted April 30, 2001.

Decided April 30, 2001.

Before Hon. MICHAEL S. KANNE, Hon. ILANA DIAMOND ROVNER, Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

### ORDER

Terenzo Hubbert entered a blind guilty plea to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 235 months' imprisonment. Hubbert filed a notice of appeal, but his counsel seek to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because there are no nonfrivolous issues for appeal. Hubbert has not responded to counsel's motion and counsel's brief is facially adequate, so we limit our review of the record to the issues counsel discuss. *United States v. Tabb,*

125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first consider whether Hubbert could challenge the validity of his guilty plea. Because Hubbert did not seek to withdraw his plea in the district court, we would review only for plain error. Fed.R.Crim.P. 52(b); *United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001). A review of the plea colloquy transcript reveals that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Akinsola,* 105 F.3d 331, 334 (7th Cir.1997). After determining that Hubbert was competent to enter a plea, the court ensured that he understood the nature of the charge against him, the possible penalties, and the various rights he would waive by pleading guilty. Fed. R.Crim.P. 11(c). Although the court failed to inform Hubbert that his sworn testimony during the colloquy could be used against him in a future perjury prosecution, the absence of any current or prospective perjury prosecution renders that omission harmless. *United States v. Graves,* 98 F.3d 258, 259 (7th Cir.1996). The court also failed to ensure that Hubbert had not been pressured or coerced into pleading guilty as Rule 11(d) requires, but this omission was harmless too. We are satisfied from our review of the transcript from the plea colloquy that Hubbert voluntarily pleaded guilty. Moreover, counsel represent to this court that Hubbert has never expressed a desire to withdraw his plea. Accordingly, we agree with counsel that a challenge to Hubbert's guilty plea would be frivolous.

Counsel next consider whether Hubbert could challenge the extent of the district court's departure under U.S.S.G. § 4A1.3. The court departed by lowering Hubbert's criminal history category from VI to V but he wanted a more substantial

break. As counsel correctly observe, we lack jurisdiction to review the extent of a district court's discretionary departure. *United States v. Newman*, 148 F.3d 871, 875 n. 2 (7th Cir.1998).

 Counsel further question whether Hubbert could challenge the denial of his pro se "Motion to Quash Indictment." In that motion Hubbert asserted that § 841 is unconstitutional because in enacting this provision Congress exceeded its power under the Commerce Clause. Our decision in *United States v. Westbrook*, 125 F.3d 996, 1009 (7th Cir.1997), however, forecloses this argument. Hubbert also maintained that "he was legally incapable of possessing" cocaine because the forfeiture statute, 21 U.S.C. § 881, provides that "no property right shall exist" in controlled substances. This argument is patently frivolous—the forfeiture statute does not supply the definition of "possession" for § 841(a)(1) purposes.

Counsel evaluate whether Hubbert could contest the validity of his two prior felony convictions used to determine his sentence under the career offender guideline provision. *See* U.S.S.G. § 4B1.1. With the exception of convictions obtained in violation of the right to counsel, a defendant cannot collaterally attack the validity of prior convictions used to determine a federal sentence. *See Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. Covarrubias*, 65 F.3d 1362, 1372 (7th Cir. 1995); *see also Ryan v. United States*, 214 F.3d 877, 878 (7th Cir.2000).

Lastly, counsel assess whether Hubbert could raise a challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We agree with counsel that an *Apprendi* challenge would be frivolous. Hubbert's prison term falls below the default 20–year maximum of § 841(b)(1)(C) for cocaine offenses; *Ap-*

*prendi* is therefore irrelevant. *United States v. Nance*, 236 F.3d 820, 825 (7th Cir.2000).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.