UNITED STATES of America,
Plaintiff–Appellee,

v.

Julio Rodriguez CRUZ, Defendant–
Appellant.

No. 00–3934.

United States Court of Appeals,
Seventh Circuit.

Submitted May 3, 2001.

Decided May 4, 2001.

Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. RICHARD A. POSNER, Circuit Judges.

ORDER

Julio Cruz pleaded guilty to conspiracy to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 210 months' imprisonment. He filed a notice of appeal, but his counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any appeal would be frivolous. Pursuant to Circuit Rule 51(b), Cruz was notified that he could respond to his attorney's motion to withdraw, but he

has not done so. After reviewing the record only as it relates to the potential issues identified in counsel's *Anders* brief, *see United States v. Tabb*, 125 F.3d 583 (7th Cir.1997); *United States v. Wagner*, 103 F.3d 551 (7th Cir.1996), we agree that an appeal would be frivolous. We therefore grant counsel's motion to withdraw and dismiss the appeal.

■ The first potential basis for appeal identified by counsel is whether Cruz could challenge the validity of his guilty plea on the ground that the district court failed to comply with Federal Rule of Criminal Procedure 11. Because Cruz did not move to withdraw his plea in the district court, we would review this issue only for plain error. *United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001).

Having reviewed the transcript of the change of plea hearing, we agree with counsel's conclusion that the district court substantially complied with the procedures set forth in Rule 11. The court informed Cruz of the nature of the charge against him, the maximum and minimum penalties, and the rights he would give up by pleading guilty. The court further explained that imprisonment would be followed by supervised release and questioned Cruz to ensure that his plea was not the result of force or threats or of promises apart from the plea agreement. In short, there is nothing in the Rule 11 colloquy to suggest that Cruz's plea was not knowing and voluntary, and we therefore conclude that any appeal based on the validity of the plea would be frivolous.

■ We also agree with counsel's conclusion that Cruz has no nonfrivolous challenge to his sentence. First, Cruz cannot challenge the district court's calculation of his total offense level because the court simply adopted the calculation that Cruz stipulated to in his plea agreement. *United States v. Fiore*, 178 F.3d 917, 925 (7th

Cir.1999). And Cruz has no nonfrivolous challenge to his criminal history category—the district court determined that Cruz had no prior convictions and therefore placed him in criminal history category I. Cruz's sentence was also within the applicable guideline range, and so he has no basis for appeal on that ground.

For the above reasons, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED. Cruz's motion for appointment of new counsel is DENIED as moot.