**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis STRANCH, Defendant–Appellant.**

No. 01–1392.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 20, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before WOOD, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Luis Stranch pleaded guilty to conspiring to distribute in excess of 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1). Prior to entering the plea, counsel advised Mr. Stranch that the career offender provisions of the guidelines, *see* U.S.S.G. § 4B1.1, might apply to his case and that he faced a maximum sentence of 40 years' imprisonment if he entered into the agreement. A presentence report was prepared, and it concluded that Mr. Stranch was a career offender because he had a robbery conviction from 1981, a controlled substance conviction from 1994, and a reckless-injury conviction from 1994. In light of this report, Mr. Stranch indicated at the sentencing hearing that he might want to withdraw his plea because he did not think he should be classified as a ca-reer offender. He agreed to go forward, however, provided that counsel investigated the basis for his career offender classification. After a continuance, in which counsel investigated Mr. Stranch's prior convictions and conferred with his client, sentencing went forward and Mr. Stranch received 200 months' imprisonment.

Mr. Stranch appealed, and counsel seeks to withdraw because he considers all grounds for appeal frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Stranch submitted a response to counsel's *Anders* brief under Circuit Rule 51(b), arguing that counsel lured him into accepting the plea with assurances that he would receive a lighter sentence and that counsel negligently investigated his criminal history. Because counsel's *Anders* brief is facially adequate, we limit our review of the record to the issues identified by counsel and Mr. Stranch. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996). Because we conclude that the potential issues identified are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Mr. Stranch's guilty plea was knowing and voluntary, a claim that Mr. Stranch also addresses in his Rule 51(b) submission. Mr. Stranch did not try to withdraw his guilty plea in the district court, so we review the colloquy made under Federal Rule of Criminal Procedure 11 for plain error. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001), *petition for cert. filed,* (U.S. May 16, 2001) (No. 00–10033). Here the record reveals that the district court advised Mr. Stranch of the nature of the charges against him, the possible penalties, and the rights he would waive by pleading guilty. The district

**560**

court also questioned Mr. Stranch to ensure that no one forced him to plead guilty and to ensure that an adequate factual basis for the plea existed. We therefore agree with counsel that an argument based on the validity of the plea would be frivolous.

■ Counsel next considers whether the district court properly applied the career offender provisions of the guidelines. Under U.S.S.G. § 4B1.1 a defendant who has two prior felony convictions for either a crime of violence or a controlled substance offense qualifies as a career offender. *See United States v. Buford,* 201 F.3d 937, 938–39 (7th Cir.2000), *aff'd,* 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). We are satisfied that at least two such convictions exist here in light of Mr. Stranch's 1981 robbery conviction, his 1994 controlled substance conviction, and his 1994 reckless-injury conviction. Because Mr. Stranch's offense level depended on the maximum statutory sentence for the crime to which he pleaded guilty, in this case forty years, we conclude that any argument based on the district court's application of the career offender provisions also would be frivolous.

■ Along with his attack on the voluntariness of his plea, Mr. Stranch also maintains in his Rule 51(b) submission that counsel negligently failed to investigate his criminal history. This appears to be an ineffective assistance of counsel claim, however, and would be more appropriately raised in motion under 28 U.S.C. § 2255 since it depends on facts outside the record, including Mr. Stranch's discussion with his counsel. *See United States v. Hamzat,* 217 F.3d 494, 501 (7th Cir.2000).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.