**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher CORDOVA–CASILLAS, Defendant–Appellant.**

**No. 01–2781.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 25, 2002.

Decided Feb. 25, 2002.

Before CUDAHY, DIAMOND ROVNER, and EVANS, Circuit Judges.

**ORDER**

After Christopher Cordova–Casillas pleaded guilty to one count of being in the United States without permission, 8 U.S.C. § 1326(a), the district court sentenced him to 24 months' imprisonment, 1 year of supervised release, and a $100 special assessment. Cordova's counsel filed a notice of appeal, but because he could not discern a non-frivolous issue for appeal he now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cordova was notified of his counsel's motion, *see* Cir. R. 51(b), but did not respond. Counsel's supporting *Anders* brief is facially adequate, so we confine our review to the potential issues discussed in that submission. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the potential issues counsel identifies are frivolous, we grant his motion to withdraw and dismiss the appeal.

Counsel first discusses whether on appeal Cordova might argue that his guilty plea was not knowing and voluntary. Our review on this issue would be for plain error because Cordova did not ask the district court to set aside his plea. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001). Having reviewed the transcript from the plea colloquy, we agree with counsel that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. The district court first ascertained Cordova's competence to enter a plea and then explained to him the charge he was pleading guilty to, the potential penalties and consequences, and the rights he was giving up. The district court also inquired into the factual basis for the plea and whether Cordova had been coerced or pressured into pleading guilty. Cordova agreed with the proffered factual basis and stated that he was not coerced or pressured into pleading guilty. The district court did not inform Cordova that his statements made during the plea colloquy could be used against him in a perjury prosecution, *see* Fed.R.Crim.P. 11(c)(5), but this omission was harmless because there is no indication of a current or prospective prosecution for perjury. *See United States v. Graves*, 98 F.3d 258, 259 (7th Cir.1996). Therefore, we agree that a challenge to Cordova's guilty plea would be frivolous.

Counsel next discusses whether Cordova's sentencing might provide a potential issue for appeal. The district court sentenced Cordova to a 24–month term of imprisonment after calculating his total offense level at 10 and his criminal history category at VI. The offense level was derived from a base level of 8 for a violation of § 1326(a), *see* U.S.S.G. § 2L1.2(a), a 4–level increase for deportation following a felony, *see* § 2L1.2(b), and a 2–level reduction for acceptance of responsibility, *see* § 3E1.1. Cordova had a criminal history of category VI because his past convictions established criminal-history points well above the 13 required to qualify him for that category. Accordingly, Cordova's offense level and criminal history resulted in a sentencing range of 24 to 30 months' imprisonment, and the term imposed was both within the statutory maximum and the presumptive guideline sentence. *See* 8 U.S.C. § 1326(a); U.S.S.G. § 5G1.1(c)(1). Moreover, we agree with counsel that a challenge to the guideline calculations in this case would be frivolous because Brown waived the right to any such challenge by explicitly electing not to object before the district court. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.