**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roger W. DILLER, Defendant–**
**Appellant.**

**No. 02–3002.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 24, 2003.

Decided Feb. 25, 2003.

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

ORDER

Roger W. Diller pleaded guilty to one count of trafficking in counterfeit Microsoft software, in violation of 18 U.S.C. § 2320(a). The district court sentenced

Diller to two years of probation, including six months of home confinement, and imposed a $500 fine and a $100 special assessment. Diller filed a timely notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he is unable to discern any nonfrivolous issues for appeal. Because Diller declined our invitation to file a response, *see* Cir. R. 51(b), we limit our review of the record to the potential issues identified in counsel's facially adequate brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Diller could challenge the validity of his guilty plea on the basis that the district court failed to comply with Federal Rule of Criminal Procedure 11. (After consulting with counsel Diller voiced a desire to have his plea set aside, *see United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002)–despite the possibility that he would lose, among other things, the benefit of the government's requested downward departure under U.S.S.G. § 5K1.1 and the two-point adjustment for his acceptance of responsibility under U.S.S.G. § 3E1.1(a).) Diller did not move to withdraw his plea in the district court; thus, only plain error could justify relief. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

In March 2002 Diller appeared before the district court to plead guilty pursuant to a plea agreement. At that hearing the district court substantially complied with Rule 11. The court informed Diller of the nature of the charge, the possible penalties he faced, the application of the sentencing guidelines to his case, and the possibility that he would be ordered to pay restitution. Fed.R.Crim.P. 11(c)(1). The district court also explained the rights Diller was giving up by pleading guilty, including his rights to a jury trial and to confront and cross-examine the government's witnesses. Fed.R.Crim.P. 11(c)(3). Additionally, the district court ensured that Diller had not been pressured or coerced to plead guilty, Fed.R.Crim.P. at 11(d), and made it clear that he could persist with his not guilty plea and proceed to trial, Fed.R.Crim.P. 11(c)(3). But when the government presented its factual basis for the charge, Diller claimed he did not know that the Microsoft software he was selling was counterfeit. Consequently, the district court scheduled a trial, but Diller returned the next month and pleaded guilty pursuant to the original agreement. At that hearing the court reviewed the government's factual basis and briefly reviewed the Rule 11 admonishments with Diller.

We disagree with counsel's assertion that "a repeat of the advisements was unnecessary" at the second plea colloquy, and that because the district court had covered the same ground previously it substantially complied with Rule 11 in taking Diller's plea. But we do agree that because most of the information omitted at the second colloquy was covered in the first and in Diller's plea agreement, any argument that the court's omissions at the second colloquy amounted to plain error would be frivolous. *See Vonn,* 122 S.Ct. at 1046, 1055–56 (a reviewing court is not limited to the colloquy when the guilty plea was entered and instead may consult the whole record to determine if there was plain error).

But the record also demonstrates that the district court did not ever explicitly advise Diller of the effect of any term of supervised release, Fed.R.Crim.P. 11(c)(1), or that if he declined to plead guilty he would be entitled to the assistance of counsel at trial, Fed.R.Crim.P. 11(c)(3). Still, any argument that such omissions led him to plead guilty when he otherwise would

not have, and that the omissions also somehow provide a basis to believe he should not have been convicted, *see United States v. Driver*, 242 F.3d 767, 771 (7th Cir.2001) (plain error standard as applied to a Rule 11 violation), would indeed be frivolous. The district court cautioned Diller at his final plea colloquy that he should plead guilty only if he was "in fact, as a result of [his] level of knowledge guilty." The judge also questioned Diller about why he was pleading guilty, to which Diller responded "[b]ecause I am guilty." Further, Diller's sentence did not even include a term of supervised release, so a warning about the potential penalties he would face upon revocation would have made no difference. *Cf. United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002). And the court's Rule 11(c)(3) omission did not amount to plain error because Diller was represented by appointed counsel at the time he pleaded guilty, and nothing in the record suggests that he did not know counsel would be available for him at trial. *See United States v. Lovett, Jr.*, 844 F.2d 487, 491–92 (7th Cir.1988).

Counsel also considers whether Diller could challenge his sentence to probation. Because Diller agreed to the relevant guidelines calculations in his plea agreement and did not object to those calculations at sentencing, he waived any challenge to them. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Thus counsel is correct that any challenge to Diller's sentence would be frivolous.

Therefore, we GRANT counsel's motion to withdraw and DISMISS Diller's appeal.