**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jerry EZZELL, Defendant–Appellant.**

**No. 03–1468.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2003.

Decided Oct. 9, 2003.

Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

ORDER

Jerry Ezzell pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute in excess of 500 grams of cocaine, 21 U.S.C. § 846, and was sentenced to 188 months' imprisonment and five years' supervised release. He filed a timely notice of appeal, but his appointed counsel now moves to withdraw because she is unable to identify a nonfriv-

olous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate and Mr. Ezzell has responded under Circuit Rule 51(b), so we limit our review to the potential issues raised by counsel and Mr. Ezzell. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first addresses whether Mr. Ezzell could make a nonfrivolous challenge to his conviction. Mr. Ezzell did not ask the district court to withdraw his plea, therefore, this court is limited to "plain error" review. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001). Neither Mr. Ezzell nor counsel suggest that he now wishes to withdraw his plea, so counsel need not have explored the district court's Rule 11 colloquy in her *Anders* brief. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). In any event, review of the record reveals that the district court complied with Rule 11.

■ Counsel next addresses whether Mr. Ezzell could make a nonfrivolous challenge to his sentence. Mr. Ezzell argues that some of the information used in the PSR to calculate the drug amounts at sentencing was either false or improperly assumed. Mr. Ezzell did not make any objection to the PSR and specifically stated at sentencing that he had reviewed the PSR with his former trial counsel and that he had no objections. We therefore agree with counsel that Mr. Ezzell has waived any argument regarding the PSR by fail-ing to object before or during sentencing. *See United States v. Scanga*, 225 F.3d 780, 783 (7th Cir.2000).

Mr. Ezzell also argues that the prosecutor committed perjury when he mentioned at sentencing that Mr. Ezzell had three separate revocations from probation. Essentially what he is contesting is information used in the PSR to calculate his criminal history score. However, because Mr. Ezzell failed to object to the PSR, he has waived any argument on this issue as well. *See id.*

■ Finally, counsel questions whether Mr. Ezzell could claim that he received ineffective assistance of counsel. Mr. Ezzell argues that his trial counsel was deficient because he failed to object to portions of the PSR relevant to drug quantities as well as his criminal history. Ineffective assistance claims are generally inappropriate to bring on direct appeal because typically they depend on matters outside of the record. *Schuh*, 289 F.3d at 976. As counsel correctly notes, nothing in the record supports Mr. Ezzell's argument that his trial counsel provided inadequate representation. If there is evidence outside the record supporting such a claim, Mr. Ezzell would need to present it in a collateral proceeding where the record can be more fully developed. *See id.*

Accordingly, we GRANT counsel's motion and DISMISS the appeal.