UNITED STATES of America,
Plaintiff–Appellee,

v.

Christopher J. BOLT, Defendant–
Appellant.

Nos. 03–1294, 03–1295.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2004.

Decided Feb. 3, 2004.

Rehearing Denied April 13, 2004.

Robert A. Anderson, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Christopher J. Bolt, pro se, Lexington, KY, for Defendant–Appellant.

Before EASTERBROOK, MANION, and TERENCE T. EVANS, Circuit Judges.

### ORDER

Pursuant to a plea agreement, Christopher Bolt resolved pending indictments in two separate cases by pleading guilty to one count of making a materially false statement in an application for social security benefits, 42 U.S.C. § 408(2), one count of possessing an identification document

with the intent to defraud the United States, 18 U.S.C. § 1028(a)(4), one count of possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), and one count of failing to appear in court, 18 U.S.C. § 3146(a)(1). He was sentenced to a total of 84 months of imprisonment and 3 years of supervised release, and ordered to pay $400 in assessments and over $200,000 in restitution. Bolt has appealed the judgments in both cases, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a nonfrivolous issue for either appeal. Bolt responded to counsel's motion under Circuit Rule 51(b). Because counsel's *Anders* brief is facially adequate, we limit our review of the record to those potential issues identified in counsel's brief and in Bolt's responses. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that any appeal based on these potential issues would be frivolous and therefore grant the motion to withdraw and dismiss Bolt's appeals.

Bolt was originally charged in district court case number 00–CR–005–S–01 with possession of a firearm by a felon. He fled two days after being placed on pretrial release, so a failure to appear charge was added in a superseding indictment. Back in custody, Bolt was appointed an attorney, but that lawyer was allowed to withdraw when Bolt refused to talk to him. Bolt later was charged with ten additional offenses in district court case number 01–CR–012–S–01, and new counsel, Roger Klopp, was assigned to represent him in both cases. In the order appointing Klopp, the court warned Bolt that it would not appoint him a third attorney if he refused to cooperate with Klopp. Bolt responded to that warning with a "motion," which actually was a copy of the order covered with Bolt's angry, handwritten responses and allegations that the magistrate judge was prejudiced against him and should recuse himself. Bolt also wrote that he wanted Klopp discharged. Bolt refused to speak with Klopp during the lawyer's three visits with him in jail, prompting counsel to move to withdraw and the court to order a competency evaluation and hearing. Bolt was eventually found competent, and because by then he had become more cooperative, Klopp agreed to continue representing him. Meanwhile, the magistrate judge refused to recuse himself, explaining that he had been and would remain impartial.

Klopp negotiated a plea agreement, and Bolt pleaded guilty to four charges. After the plea hearing, Bolt filed a pro se motion to withdraw his pleas. In it he alleged that Klopp had given him a blank piece of paper to sign as the plea agreement. Bolt also offered details about his serious medical conditions, including cancer, heart disease, and partial paralysis from the neck down. He claimed that he had not been receiving proper treatment for his conditions, and he also alleged that prison authorities had violated direct court orders by denying him appropriate care. Bolt, however, drew no connections between his health and his guilty plea. He refused to speak with Klopp about sentencing issues and filed a motion requesting new counsel. Klopp filed his objections to the PSR and again moved to withdraw based on the fact that he could not represent Klopp through sentencing if he could not communicate with him.

At the sentencing hearing the court first considered Bolt's motion to withdraw his pleas. Bolt explained that his lack of medical treatment had caused him suffering and prevented him from understanding the plea proceedings. The court denied Bolt's motion, noting that Bolt's contention that he signed a blank plea

agreement was directly contradicted by his sworn statements at the plea hearing that he knew and understood the plea agreement. The court also observed that Bolt had never mentioned anything during his plea hearing about mistreatment or suffering that might have impaired his ability to understand the proceedings. The court then considered Bolt's motion for new counsel and Klopp's motion to withdraw. The judge warned Bolt that he would not appoint a new attorney if Bolt dismissed Klopp and then recessed the hearing for an hour so Bolt could prepare pro se objections to the sentencing recommendations. During the recess Bolt agreed to cooperate with counsel, and the two were able to discuss sentencing matters. After talking to Bolt about the PSR, Klopp decided to press only one argument at sentencing—that Bolt was entitled to a downward adjustment for acceptance of responsibility. The court refused to grant the adjustment and sentenced Bolt accordingly.

■ Counsel first proposes arguing that the magistrate judge erred by refusing to recuse himself at Bolt's request. Bolt's request for recusal contained nothing more than an undeveloped assertion that the magistrate was prejudiced. Counsel suggests it would be frivolous to argue that Bolt's bald accusation was adequate to obtain a recusal under 28 U.S.C. § 144, which says that a request for recusal must be accompanied by an affidavit and a certificate of counsel affirming that the request is made in good faith. Likewise, Bolt did not adequately pursue a recusal under 28 U.S.C. § 455. A request for recusal under section 455(a) must be challenged immediately by a mandamus action. Bolt's failure to do so would prevent our review. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 987 (7th Cir. 2001). Finally, under section 455(b), recusal is warranted only if the judge has a personal bias or prejudice concerning a party. Generally, the bias must come from an extrajudicial source and must be proven by compelling evidence. *Id.* at 988. Bolt offered no suggestion that some extrajudicial source had caused the magistrate judge to harbor personal animus or malice towards him. We agree with counsel that it would be frivolous to argue that the magistrate judge erred in failing to recuse himself.

Counsel next proposes arguing that the court erred by failing to advise Bolt at the plea colloquy that he could receive a term of supervised release. Rule 11 requires such a warning, *see* Fed.R.Crim.P. 11(b)(1)(H), but counsel correctly notes that the omission would be harmless because Bolt was warned in his plea agreement about supervised release. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001). In addition, he was warned in his plea agreement that he could face 35 years of imprisonment, which is greater than the combined term of 84 months of prison and 3 years of supervised release that he received. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002).

■ Counsel next proposes arguing that the district court erred by refusing Bolt's request to withdraw his pleas. After a court accepts a plea, the defendant may withdraw it prior to sentencing, but only if he can show a "fair and just reason." Fed.R.Crim.P. 32(e) (2002) (now Rule 11(d)); *United States v. Silva*, 122 F.3d 412, 415 (7th Cir.1997). We would review a district court's denial of a motion to withdraw only for an abuse of discretion. *Silva*, 122 F.3d at 414–15. The district court denied the motion because the allegations in it contradicted Bolt's statements at the plea hearing. Specifically, although at the plea hearing Bolt said that he had read and understood the plea agreement

and that he was satisfied with counsel's representation, in the motion to withdraw he alleged that counsel had forced him to sign a blank piece of paper on which the plea agreement was later typed. Further, at the plea hearing Bolt had said that he understood the nature of the proceedings, that he was not taking any medications that would interfere with his ability to understand, and that his history of mental illness would not affect his ability to understand what he was doing. He never suggested that recent mistreatment or denial of medical care was causing him to plead guilty or be confused about the proceedings. Because sworn statements made by a defendant during a Rule 11 colloquy are afforded a presumption of verity, we agree with counsel that it would be frivolous to argue that the court abused its discretion in refusing to allow Bolt to withdraw his plea. *See Schuh,* 289 F.3d at 975.

Counsel next considers arguing that the court erred by allowing Klopp to continue representing Bolt at the sentencing hearing despite Bolt's earlier request for new counsel and Klopp's corresponding motion for withdrawal. Recalling that Bolt began to cooperate at the sentencing hearing and implicitly abandoned his objection to Klopp's representation, counsel proposes that this argument would be frivolous because it was waived. We agree that any argument that the court erred in allowing the representation to continue when both Bolt and Klopp wanted it to continue would be completely frivolous.

■ Counsel next considers arguing that the court erred in refusing to grant Bolt a reduction in offense level for acceptance of responsibility. We would review the court's decision only for clear error. *United States v. Herrera–Ordones,* 190 F.3d 504, 511–12 (7th Cir.1999). The district court cited many reasons for denying

Bolt acceptance of responsibility points. Among them was the fact that he refused to cooperate with the probation officer who prepared his presentence report. We have held that such conduct justifies a court's refusal to grant the reduction, *id.* at 512–13, so counsel is correct that it would be frivolous to argue that the court erred.

Counsel also considers arguing that the district court erred by upwardly departing after concluding that Bolt's criminal history category of V significantly under-represented his criminal history. *See* U.S.S.G. § 4A1.3. Bolt was warned about a possible departure in his presentence report, but he did not object to the proposed departure either before or at sentencing, so our review would be for plain error. The court departed because Bolt had two instances of prior similar misconduct established by civil adjudications that were not counted in his criminal history points. Because this is a ground for departure specifically listed in the guideline, counsel is correct that it would be frivolous to contest the departure. *Id.* § 4A1.3(c).

Counsel also challenging to the court's refusal to grant Bolt a downward departure based on his age or physical condition. The district court concluded that there was nothing extraordinary about Bolt's age or physical condition that would warrant a departure. Counsel correctly notes that we would not have jurisdiction to review such a discretionary decision. *See United States v. Mattison,* 153 F.3d 406, 413 (7th Cir.1998).

Bolt responded to counsel's brief. As relevant here, he contends that he was sentenced as a "6 time convicted felon" but in reality was "only arrested one time prior to the present arrest and never convicted of a crime." Presumably he proposes challenging his criminal history category (the probation officer tabulated six adult

convictions and 16 other arrests). He did not object in the district court to his criminal history category, so we would review the court's calculations only for plain error. Bolt admitted to at least two prior convictions at his guilty plea hearing and also offered the interesting fact (as confirmed by the probation officer) that he served time in Alcatraz when it was still open. The district court's calculations were based on the probation officer's report, and Bolt has not singled out any misinformation in that report. We think it would be frivolous to argue that the district court plainly erred in determining his criminal history category.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeals are DISMISSED.