**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2005
Decided July 15, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-3997

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 04 CR 114 |
| HONORIO MARQUEZ, *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Honorio Marquez pleaded guilty to conspiracy to possess cocaine with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 78 months in prison and five years' supervised release. Marquez filed a timely notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Marquez was notified that he could respond to counsel's motion, *see* Cir. R. 51(b), but he did not. Because counsel's supporting brief is facially adequate, we review only the potential issues it identifies. *See United States v. Johnson*, 248 F.3d 655, 667-68 (7th Cir. 2001).

Before his change-of-plea hearing, Marquez petitioned the district court to enter a guilty plea. In his written petition, Marquez acknowledged his rights to plead not guilty, to confront and cross-examine adverse witnesses, to have the assistance of counsel, to remain silent, and to testify or not at trial. Marquez also executed a written plea agreement in which he waived his right to appeal his conviction or sentence so long as the district court sentenced him at a total offense level 27 or lower. During his plea colloquy, Marquez admitted to taking delivery of eight kilograms of cocaine from a courier in Indianapolis, Indiana. At sentencing the court determined Marquez's total offense level to be 27 after reducing the base offense level by three levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and two more levels because of the safety valve, *id.* §§ 2D1.1(b)(7), 5C1.2, and calculated his criminal history category as I. He was sentenced in the middle of the guideline range of 70 to 87 months.

Marquez has informed counsel that he wants to take back his guilty plea and go to trial. Counsel considers whether Marquez could pursue a nonfrivolous challenge to the plea on the ground that the district court did not comply with Fed. R. Crim. P. 11. Substantial compliance is all that Rule 11 requires, *see United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002), though Marquez would need to demonstrate plain error arising from any shortcoming in the plea colloquy because he never sought to withdraw his guilty plea in the district court, *United States v. Vonn*, 535 U.S. 55, 59 (2002).

Counsel concludes that any Rule 11 argument would be frivolous because the district court substantially complied with its requirements. We agree. First, counsel points out that the district court failed to explicitly remind Marquez that he had the right to plead not guilty. However, that right was covered in the petition to enter a guilty plea and was necessarily known to Marquez because the purpose of the colloquy was to change his plea from not guilty; thus, any error in not reminding him was harmless. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002). Second, the district court did not inform Marquez that he was forfeiting the right to confront adverse witnesses. But again, Marquez was aware of this right because it is acknowledged in his petition, and, moreover, the district court generally explained what would occur at trial, including the opportunity to question government witnesses. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). Third, the district court failed to inform Marquez that any false statements could subject him to perjury charges, but because he is not facing any current or prospective perjury charge, this too was harmless. *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Fourth, the district court did not explicitly inform Marquez of his right to an attorney, but Marquez could not possibly have been harmed by the omission because appointed counsel was with him during the

colloquy.  *See* Fed. R. Crim. P. 11(b)(1)(D); *see also United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988).

The only other potential issue identified by counsel is whether Marquez can challenge his sentence given his explicit waiver of the right to do so.  Marquez conditioned his waiver on being sentenced at or below a total offense level of 27, and because he was sentenced within this limit the waiver is effective.  Waivers are analyzed as contracts with the government, and nothing in Marquez's plea agreement provides an "escape hatch" enabling him to appeal if the law changed to his benefit.  *United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and Marquez's appeal is DISMISSED.