NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 2, 2008
Decided April 10, 2008

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3127

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 06-CR-205 |
| | |
| NATHAN SHERROD, | Lynn Adelman, |
| *Defendant-Appellant.* | *Judge*. |

**O R D E R**

Nathan Sherrod pleaded guilty to conspiring to deliver 100 grams or more of heroin, *see* 18 U.S.C. § 841(a)(1), and was sentenced to 78 months' imprisonment.  Sherrod directed his appointed counsel to file a notice of appeal, but counsel now seeks to withdraw because

he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Sherrod has not accepted our invitation to comment on counsel's motion, *see* CIR. R. 51(b), and thus our review of the record is limited to the potential issues raised in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). After reviewing counsel's submission, we conclude that the appeal is frivolous, and accordingly grant counsel's motion to withdraw.

Counsel initially considers whether Sherrod could challenge the voluntariness of his guilty plea or adequacy of his plea colloquy, yet he has not told us whether Sherrod in fact wants his plea set aside, and Sherrod has not expressed his views in a Rule 51(b) response. *Cf. United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). Counsel instead asserts that the district court substantially complied with Federal Rule of Criminal Procedure 11 and that he cannot find any deficiency in the colloquy that might undermine Sherrod's guilty plea on direct appeal even if Sherrod wanted the plea set aside. Although mostly correct, counsel's assertion ignores the district court's failure to clearly inform Sherrod that the government could use any of his statements in a prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(A). Sherrod, however, was not harmed because the information was included in his plea agreement, *see United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001), and there is no such current or prospective prosecution against him, *see United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Thus, even if Sherrod wanted to withdraw his guilty plea, we agree that any potential argument that Sherrod's plea was involuntary would be frivolous.

Counsel next considers arguing that several pretrial motions should have been granted by the district court, but determines that the issue is foreclosed by Sherrod's guilty plea. We agree. A defendant waives his right to appeal the denial of a pretrial motion by pleading guilty. *See, e.g.*, *United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 1998). Here, Sherrod's unconditional guilty plea waived any claim on appeal that his pretrial motions should have been granted.

We also agree that any challenge to the reasonableness of Sherrod's 78-month prison sentence, which was 6 months below the applicable guidelines' range, would be frivolous. We have, in fact, previously noted that it would be "hard to conceive of below-range sentences that would be unreasonably high." *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). In this case, moreover, the district court gave meaningful consideration to both the sentencing guidelines and factors under 18 U.S.C. § 3553(a). For instance, the court took into account the seriousness of the offense, Sherrod's criminal history, the supportive letters written by Sherrod's mother and girlfriend, and the need for deterrence. But because of Sherrod's health issues, the district court ultimately found that a 78-month, below-guideline sentence was appropriate. Counsel cannot identify a convincing reason why Sherrod's

sentence is unreasonable, and thus we agree that it would be frivolous to pursue this challenge.

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.