**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 3, 2009 [*]
Decided May 14, 2009

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2012

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 360 |
| JONATHAN GORDON, | |
| *Defendant-Appellant*. | John F. Grady, *Judge*. |

**ORDER**

Jonathan Gordon was sentenced to a total of 228 months in prison and a five-year term of supervised release after, without a plea agreement, he entered a guilty plea to four of the five charges against him: conspiracy (18 U.S.C. § 371); bank robbery (18 U.S.C. § 2113(a); possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)); and bank robbery with an assault with a dangerous weapon (18 U.S.C. §§ 2113(a) and 2113(d)). He appeals, and his court-appointed attorney has filed a motion to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

withdraw because he cannot identify any nonfrivolous issues to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Gordon has not accepted our invitation to respond to the motion, *see* Cir. R. 51(b), so we confine our review to the potential issues outlined in counsel's *Anders* brief.

Gordon entered an unconditional, knowing, and voluntary plea of guilty. He did not move to withdraw his plea in the district court. Under those circumstances, any challenge to his guilty plea would be reviewed for plain error. *United States v. Driver*, 242 F.3d 767 (7th Cir. 2001). Because an unconditional guilty plea waives all nonjurisdictional defects, *United States v. Markling*, 7 F.3d 1309 (7th Cir. 1993), the only potential issue would be whether the plea was enforceable as knowing and voluntary. However, we have said that when a defendant does not move to withdraw his plea in the district court, counsel need not address the voluntariness of the plea in an *Anders* brief if, after being advised of the risks involved in the withdrawal of the plea, the defendant indicates that he does not wish to challenge the plea on appeal. *United States v. Knox*, 287 F.3d 667 (7th Cir. 2002). Counsel indicated he has consulted with Gordon, who said he did not wish to challenge the plea. In this situation, any challenge to the plea would be frivolous.

Potentially, Gordon's sentence could be challenged if it was imposed in violation of law, was imposed as a result of an incorrect application of the United States Sentencing Guidelines, was a departure from the applicable guideline range, or was otherwise unreasonable. Gordon's sentence did not exceed the statutory maximum. The sentencing guidelines were not erroneously applied. Furthermore, given the nature of the crime, the sentence was reasonable. There is no nonfrivolous issue as to Gordon's sentence.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.