NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2020
Decided February 3, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2685

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> JAMES TRIPLETT, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:15-CR-00379-2 <br><br> **Gary Feinerman**, <br> *Judge*. |

## O R D E R

Appellant James Triplett and others were charged in 2014 with operating a heroin-distribution enterprise. He pleaded guilty and was sentenced to 240 months in prison. Triplett has appealed. His appointed counsel, however, asserts that all potential arguments are frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). We agree with counsel and therefore grant his motion and dismiss the appeal.

Triplett organized a heroin distribution ring on the west side of Chicago. He hired "runners" to pick up the drugs from suppliers' stash houses and deliver them to his "pack workers," who sold them and turned the proceeds over to Triplett. From

August 2014 through June 2015, Triplett's ring operated from 4:30 a.m. to 10:00 p.m., seven days per week (except holidays), and generated $6,000 to $10,000 per day.

Triplett pleaded guilty to possessing one kilogram or more of heroin with intent to distribute. 21 U.S.C. §§ 841(a), 846. He assured the court that he had read his plea agreement and discussed it with his attorney. After conducting a colloquy under Federal Rule of Criminal Procedure 11, the judge found that Triplett's guilty plea was knowing and voluntary.

At sentencing, the court calculated his guideline range. Triplett's base offense level was 34 because he distributed at least 10 kilograms of heroin. See U.S.S.G. § 2D1.1(a)(5), (c)(3). Triplett argued that an estimate of 10 kilograms was wrong because it was based on an average weight of 0.4 grams of heroin per bag—he said that his average was only 0.2 grams—and assumed that his business was always open on non-holidays. The court used Triplett's more conservative assumptions, though, and still found that he distributed more than 10 kilograms. Also, the court added four levels because Triplett was a "leader or organizer," § 3B1.1(a), and two levels because Triplett's suppliers used "stash houses," § 2D1.1(b)(12). Even though Triplett did not rent or own the houses, the court explained, he routinely visited them to pick up heroin, so they fell within the scope of his "jointly undertaken criminal activity." § 1B1.3(a)(1)(B). Last, recognizing that Triplett had twice before been convicted for controlled-substance offenses, and thus was a career offender, the court concluded that his criminal history category was level VI. §§ 4B1.1(a), 4B1.2(b). The resulting guideline range was 360 months to life.

Applying the sentencing factors of 18 U.S.C. § 3553(a), the court sentenced Triplett to 240 months in prison followed by five years of supervised release. The court recognized that Triplett had a "difficult childhood" and was interested in volunteer work. But, the court continued, he had not learned from his past convictions, and his new offense was a serious one, he played a significant role in it, and, from it, he caused violence in his neighborhood. The court added that, based on these § 3553(a) factors, it would have sentenced Triplett to 240 months even if its rulings on contested issues had led to a different advisory guideline range.

Triplett, in response to counsel's motion to withdraw, has submitted his own brief under Circuit Rule 51(b), so we have considered Triplett's proposed issues in addition to those discussed by counsel.

First, counsel discussed with Triplett the risks and benefits of withdrawing his guilty plea, see *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and informs us that Triplett wishes to challenge its validity. Triplett did not move to withdraw his plea in the district court, so its validity would be reviewed for plain error. See *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). We agree with counsel that Triplett could not plausibly argue that the district court plainly erred in concluding that his plea was knowing and voluntary. The judge's Rule 11 colloquy was thorough. He articulated Triplett's rights, the charges against him and their factual bases, and the penalties he could face at sentencing. The only potential error occurred when the court neglected to ask Triplett whether he understood his right to counsel. See Fed. R. Crim. P. 11(b)(1)(D). But such an omission is harmless if the defendant already knew of that right, see *Driver*, 242 F.3d at 769, as Triplett did because he was represented by appointed counsel throughout the proceedings.

Counsel next considers whether Triplett could mount a procedural challenge to his sentence. Counsel appropriately notes that Triplett's 240-month sentence does not exceed the statutory maximum of life. See 21 U.S.C. § 841(b)(1)(A). He considers potential errors in the calculation of the offense level. Likewise, Triplett argues that the judge's drug-quantity estimate was flawed and that the judge improperly applied the stash-house, leader, and career-offender enhancements. We review factual findings in guideline calculations for clear error. *United States v. Friedman*, 971 F.3d 700, 716 (7th Cir. 2020).

Counsel first contemplates whether the court erred by estimating that Triplett distributed more than 10 kilograms of heroin, resulting in a base offense level of 34. Triplett contends that, in relying on the government's calculation, the court "overlooked and misapprehended the facts." But the court's finding is unassailable. First, the government reasonably approximated the heroin sold in Triplett's drug ring based on laboratory reports. See U.S.S.G. § 2D1.1, App. Note 5. Second, Triplett's admissions in the plea agreement about his distribution schedule and daily revenue count as established facts. See *United States v. Krasinski*, 545 F.3d 546, 552 (7th Cir. 2008). In any case, even the court's more conservative calculation using Triplett's numbers added up to more than 10 kilograms of heroin.

Counsel next considers whether Triplett could reasonably argue that the district court erred by increasing his offense level because his co-defendants operated stash houses. We agree that he could not. The court could apply this increase because Triplett controlled part of the criminal activities in the houses. See U.S.S.G. § 2D1.1, App. Note

17. Further, he was involved in "jointly undertaken criminal activity" where he knew that the house was used for unlawful purposes. § 1B1.3(a)(1)(B). Citing the Guideline's commentary, § 1B1.3, App. Note 3(B), Triplett responds that his co-defendants' activities at the houses before he joined do not apply to him. But this does not help Triplett. He admitted that after he partnered with his co-defendants, he picked up heroin from the houses—which he knew were used to mix, package, and store drugs.

We also agree with counsel that challenging the "leader" offense-level enhancement would be hopeless. The Guidelines advise sentencing courts to consider a defendant's decision-making authority and his recruitment of and control over accomplices. U.S.S.G. § 3B1.1(a), App. Note 4. Triplett admitted to overseeing daily operations and hiring workers to pick up and sell heroin.

The last proposed procedural challenge is to the finding that Triplett was a career offender. Counsel could not find a sound basis for this argument, and neither can we. Triplett had twice before pleaded guilty to drug crimes involving delivery. See U.S.S.G. §§ 4B1.1(a), 4B1.2(b). Triplett argues that, the second time, he only possessed (and did not deliver) drugs. But his criminal file states that he pleaded guilty to delivery, and Triplett offers no evidence that the conviction was for possession only.

Finally, counsel rightly observes that it would be frivolous to argue that Triplett's sentence was substantively unreasonable. We presume that his below-guideline sentence is not unreasonably harsh. *United States v. Chagoya-Morales*, 859 F.3d 411, 424 (7th Cir. 2017). Nothing here would rebut that presumption. In weighing the § 3553(a) sentencing factors after Triplett and his lawyer addressed the court, see Fed. R. Crim. P. 32(i)(4)(A), the court reasonably concluded that Triplett's arguments in mitigation (such as his "difficult childhood") were outweighed by his lengthy recidivism and leadership in committing a new, serious drug offense that harmed his neighborhood. And any potential guideline error would be harmless. The judge explained that, if he had found differently on any of the contested guideline issues, he still would have sentenced Triplett to 240 months in prison. That was well within his discretion. See *United States. v. Barnes*, 660 F.3d 1000, 1008 (7th Cir. 2011).

We GRANT the motion to withdraw and DISMISS the appeal.