In the

# United States Court of Appeals

### For the Seventh Circuit

———————

No. 07-2356

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KERRY MAGERS,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:05cr0146AS—**Allen Sharp**, *Judge.*

———————

SUBMITTED MAY 14, 2008—DECIDED JULY 24, 2008

———————

Before EASTERBROOK, *Chief Judge*, and COFFEY and
WOOD, *Circuit Judges*.

COFFEY, *Circuit Judge*. Kerry Magers, while serving
time as an inmate in the federal prison in the state of
Indiana, was charged with sending threatening letters to
the President of the United States and the Chief Justice of
Canada. *See* 18 U.S.C. §§ 875(c), 876(c), 871(a). Both letters
contained a powdery substance and stated: "enclosed is
anthrax, Sincerely, Die." Each letter also listed Kerry
Magers as the sender with a return address as the West-
ville Correctional Center, the prison in which Magers
was incarcerated. After a jury found Magers guilty of all
three counts of indictment, Magers filed a notice of ap-

peal, but his attorney has since moved to withdraw because he was unable to discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Magers responded to our invitation to address counsel's motion, *see* CIR. R. 51(b), and we confine our review to the potential issues identified in counsel's facially adequate brief and in Magers's response, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Before trial, Magers requested a psychiatric examination to determine whether he was competent to stand trial. Following a hearing, and relying on a 16-page report of Magers's psychiatric examination, the district court found Magers able to understand the nature of the proceedings against him and to assist in his own defense. Magers was able to describe his legal situation and appeared rational and coherent. After the psychiatrist found that Magers was not suffering psychotic symptoms, the court found that Magers was competent to stand trial.

At trial the government called Pam Bane, an administrative assistant at Westville Correctional Center. Bane, familiar with Magers's handwriting, confirmed that the handwriting samples that she gave to the FBI and secret service were written by Magers. She also testified that threatening letters were written on the prison's preprinted healthcare forms. The government also called a forensic document examiner who told the jury that the letter to the President was "probably" sent by Magers. Similarly, a handwriting expert testified that he possessed the "highest level of confidence" that the letter to the Chief Justice was sent by Magers. Following the government's presentation, Magers rested without presenting any evidence.

The jury returned verdicts of guilty, and the district court, relying on the presence report accepted by both sides without objection, calculated a guidelines imprisonment range of 70 to 87 months based on a total offense level of 25 and a criminal history category of III. Yet, since the court erroneously believed that the counts had to be grouped and thus were "limited to sixty months," *see* U.S.S.G. § 5G1.2(d), it sentenced Magers to 60 months' imprisonment and 2 years' supervised release.

In his *Anders* submission, counsel challenged the district court's determination that Magers was competent to stand trial. We will only overturn the trial court's finding of competency if that finding is shown to be clearly erroneous. *United States v. Moore*, 425 F.3d 1061, 1074 (7th Cir. 2005). "[T]o be found incompetent, the evidence must demonstrate that [the defendant] did not understand the nature and consequences of the proceedings against him and that he was unable to assist in his own defense." *Id.* There is nothing in the record to reveal that the district court's decision was clearly erroneous. The record demonstrates that Magers understood the charges against him and was well aware of the consequences of the proceedings against him. At his sentencing hearing, Magers read a letter he wrote in which he states why he should not have been charged with these offenses. The record is clear that Magers was able to assist counsel in his defense. According to the court appointed psychiatrist, Magers was not suffering from any mental illness. Magers, in response to these conclusions, offered no evidence to the contrary. Thus, his argument, based on the facts and the law presented, that the district court clearly erred in finding him competent to stand trial would be frivolous.

Counsel next challenged the court's instructions to the jury and concluded that this argument would be frivolous. After researching the law as applied to the facts presented, we likewise agree that the instructions correctly stated the applicable law. Jury instructions must correctly convey the relevant legal principles at issue, *Lasley v. Moss*, 500 F.3d 586, 589 (7th Cir. 2007), and we will reverse only if the instructions misguide the jury and prejudice the objecting litigant, *Huff v. Sheahan*, 493 F.3d 893, 899 (7th Cir. 2007). Counsel was unable to identify any problems with the jury instructions, and from our review we do not find any problems. The court's instructions accurately set forth the elements of each offense. The claim of faulty jury instructions is without merit.

Counsel stated that Magers also wishes to argue that there has been an illegal search and seizure. Magers, in fact, reiterates this argument in his Rule 51(b) response, but he fails to identify what he claims was illegally searched and seized. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *see also Peckham v. Wis. Dep't Corr.*, 141 F.3d 694, 696 (7th Cir. 1998). Because we are unable to find anything in the record supporting the argument that an illegal search or seizure took place, it is patently frivolous to make such an argument.

We also agree with counsel that any challenge to the sufficiency of the evidence underlying Magers's convictions would be frivolous. Where we review a jury's verdict based upon the sufficiency of the evidence, the record and all reasonable inferences must be looked at in the light most favorable to the government. *United States*

*v. Groves*, 470 F.3d 311, 323 (7th Cir. 2006). We will affirm a jury verdict so long as any rational trier of fact could have found the essential elements of the crime presented beyond a reasonable doubt. *Id.*

Here, a government witness testified that the letters sent to the President of the United States and to the Chief Justice of Canada were sent on preprinted forms found in Magers's prison and that the envelopes were stamped with the prison's name. The powdery substance in the envelopes offered in evidence, when examined, constituted evidence of a true threat even though the actual contents were not toxic. *See United States v. Stewart*, 411 F.3d 825, 828 (7th Cir. 2005) (true threat is not dependent upon what defendant intended but whether recipient reasonably regarded the letter as a threat). And two handwriting experts testified that the writing in the letters matched that of Magers's. Magers introduced no evidence in dispute of that testimony. Thus there was ample evidence upon which a rational trier of fact could find Magers guilty beyond a reasonable doubt of all the elements of the crimes in violation of 18 U.S.C. §§ 875(c), 876(c), and 871(a). Any argument to the contrary would be frivolous.

The appeal is DISMISSED and counsel's motion to withdraw is GRANTED.