**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008
Decided October 3, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3064

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> JAVIER ROJO, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 04 CR 1072-6 <br><br> Joan B. Gottschall, <br> *Judge*. |

**O R D E R**

Javier Rojo pleaded guilty to possession with intent to distribute cocaine. *See* 21 U.S.C. § 841(a)(1). As part of a written plea agreement, Rojo waived the right to appeal his sentence, but retained the right to contest the validity of his guilty plea. The district court went below the guidelines range and sentenced Rojo to the statutory minimum: 10 years' imprisonment and 5 years' supervised release.

Rojo filed a notice of appeal, but appointed counsel has moved to withdraw because he cannot identify a nonfrivolous issue for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Rojo opposes counsel's motion. *See* Cɪʀ. R. 51(b). We confine our review to the potential issues identified by Rojo and those identified in counsel's brief. *See United States v. Magers*, 535 F.3d 608, 609 (7th Cir. 2008).

Both Rojo and counsel consider challenging the guilty plea. Rojo asserts that his wife wrote to the district court before sentencing expressing concern that he did not understand the plea agreement. A letter from a counseled defendant's relative could not constitute a motion to withdraw a guilty plea, *see United States v. Traeger*, 289 F.3d 461, 471 (7th Cir. 2002); *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994), but even if it could, the record does not show that the court received the letter. Thus, Rojo never challenged his guilty plea or the plea colloquy in the district court, and so we would evaluate any issue concerning the guilty plea for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

In assessing the plea colloquy, Rojo's lawyer perceives three omissions in the admonishments given by the district court. We agree with counsel, however, that none would rise to the level of plain error. First, there was no error when the judge failed to mention that statements Rojo made under oath could be used against him in a perjury prosecution, *see* FED. R. CRIM. P. 11(b)(1)(A), because he is not facing any actual or threatened perjury prosecution, *see United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

Second, Rojo could not have been misled when the judge said he could cross-examine witnesses at trial but did not also say that Rojo could "confront" them. *See* FED. R. CRIM. P. 11(b)(1)(E). Cross-examination is the "main and essential" purpose of confrontation, *Lowery v. Anderson*, 225 F.3d 833, 839 (7th Cir. 2000), and nothing suggests that any of the narrow exceptions to face-to-face confrontation would have applied to Rojo's case, *see Maryland v. Craig*, 497 U.S. 836, 850 (1990); *United States v. Hamilton*, 107 F.3d 499, 503-04 (7th Cir. 1997). Furthermore, the written plea agreement informed Rojo that he would have the right to confront adverse witnesses. *See United States v. Driver*, 242 F.3d 767, 769, 771 (7th Cir. 2001).

Third, the judge did not explain the nature of the drug charge, *see* FED. R. CRIM. P. 11(b)(1)(G), but we do not require literal compliance with Rule 11 and would look to the totality of the circumstances to determine whether Rojo actually understood the nature of the charges, *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994). Rojo was represented by counsel and pleaded guilty to possession with intent to distribute cocaine, a straightforward charge. The government's factual basis was equally straightforward: Rojo obtained and sold cocaine. Rojo agreed with this factual basis but disagreed with the government's contention that he held a managerial role in the offense. All of these factors suggest that Rojo fully appreciated the charge. *See United States v. Fernandez*, 205 F.3d 1020, 1025 (7th Cir. 2000). And in fact, Rojo acknowledged in his plea agreement that his attorney had explained the charge and that he understood its "nature and elements." Rojo tries to distance himself from this admission by saying here that he did not understand the plea agreement he signed, but he told the district court that he had enough time to discuss the

case with his lawyer, and that statement is presumed to be truthful.  *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002).

Rojo also objects to the little attention the district court paid to the appeal waiver during the plea colloquy.  He contends that the court should have explained the waiver in more detail.  *See* FED. R. CRIM. P. 11(b)(1)(N).  Although the judge did not elaborate on the appeal waiver, the plea agreement spells out the terms of the waiver.  Furthermore, both the judge and the government mentioned the waiver during the Rule 11 colloquy, and Rojo never objected or asked for clarification.  *Cf. United States v. Sura*, 511 F.3d 654, 662 (7th Cir. 2007) ("The problem is that no one said anything about the waiver of appellate rights.  It is this utter silence that causes the problems here.").  Thus we are left with Rojo's initial sworn statement that he spent sufficient time reviewing his case with his attorney.

We agree with counsel, then, that a challenge to Rojo's guilty plea would be frivolous, and for that reason any claim about Rojo's sentence would be equally frivolous. The appeal waiver stands or falls with the guilty plea, *see, e.g., United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008); *United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003), and here the waiver would preclude Rojo from challenging his terms of imprisonment or supervised release so long as they fall within the statutory limits, which they do.  *See* 21 U.S.C. § 841(b)(1)(A).

Accordingly we grant counsel's motion to withdraw and dismiss the appeal.