NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010
Decided October 20, 2010

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-3435

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-49-C-01 |
| ALFRED T. SHIPPY, <br> *Defendant-Appellant*. | Barbara B. Crabb, <br> *Judge*. |

**O R D E R**

During an interview with a school counselor, a ten-year-old girl reported that Alfred Shippy, her mother's boyfriend, had taken pictures of her while she was using the bathroom. The school called the police. Law enforcement then searched Shippy's home and discovered a video camera, a digital camera, and two storage disks that contained sexually explicit images of the young girl. Shippy, who had a prior conviction for possession of child pornography and was a registered sex offender, pleaded guilty to producing child pornography. *See* 18 U.S.C. § 2251(a). The district court sentenced him to 40 years' imprisonment and a life term of supervised release. Shippy filed a notice of appeal but his appointed lawyer has concluded the case is frivolous and has moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Shippy responded to counsel's motion, *see* CIR. R. 51(b), by asking to substitute counsel who he argues, would challenge the length of his sentence. We review only the potential issues identified in counsel's facially

adequate brief and Shippy's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Shippy now wants his guilty plea set aside, so his appellate counsel properly considers whether he could challenge the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Because Shippy did not move to withdraw his guilty plea in the district court, we would review for plain error only. *See* FED. R. CRIM. P. 52(b); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010). Counsel directs us to two omissions in the district court's plea colloquy, including the court's failure to advise Shippy (1) that false statements made under oath could be used against him in a prosecution for perjury and (2) that the court had authority to order restitution. *See* FED. R. CRIM. P. 11(b)(1)(A), (b)(1)(K). Both of these errors were harmless, however. There is no current or prospective prosecution against Shippy for perjury, *see United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996), and the court did not order restitution, *see United States v. Fox*, 941 F.2d 480, 483-84 (7th Cir. 1991). Counsel also asserts that the district court failed to advise Shippy that he had a right to confront witnesses, *see* FED. R. CRIM. P. 11(b)(1)(E), but acknowledges that the court *did* advise Shippy of his right to cross-examine them. Moreover, Shippy's plea agreement specifically stated that he was waiving his right to confront witnesses. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

Counsel and Shippy next consider whether he could challenge the length of his sentence. At sentencing, however, Shippy's counsel stated that there were no objections to the guideline calculation, and this statement, counsel maintains, waived any error. But whether Shippy waived or merely forfeited any challenge, any attack would be frivolous because the district court calculated the guidelines range properly. To Shippy's base offense level of 32, *see* U.S.S.G. § 2G2.1(a), the district court added 4 levels because Shippy's victim was 10 years old, *see id.* § 2G2.1(b)(1)(A); 2 levels because, in the video, Shippy engaged in sexual contact with the child, *see id.* § 2G2.1(b)(2)(A); another 2 levels because as the boyfriend of the victim's mother, Shippy had supervisory control over the victim, *see id.* § 2G2.1(b)(5); and 5 more because his criminal history reflected a pattern of activity involving prohibited sexual conduct, *see id.* § 4B1.5(b)(1). The court also subtracted three levels for accepting responsibility. *See id.* § 3E1.1(a)-(b). A total offense level of 42 and criminal history category III yields an applicable guidelines range of 360 months' imprisonment to life. Shippy's 40-year sentence is within the guidelines range and thus presumed to be substantively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Further, the sentencing judge adequately considered the 18 U.S.C. § 3553(a) factors, taking into account Shippy's characteristics such as his diminished mental capacity, the heinous nature of his crime, his

targeting of single mothers to take advantage of their children, and the need for adequate deterrence in light of his history of failed treatment. *See* 18 § 3553(a)(1), (a)(2)(A)-(B).  We agree with counsel that any challenge to the reasonableness of Shippy's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw, DENY Shippy's motion for new counsel, and DISMISS the appeal.