NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2013
Decided October 2, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 12-3297 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellee,* | Western Division. |
| | |
| *v.* | No. 10 CR 50073-1 |
| | |
| FRANCIS X. SANCHEZ , | Philip G. Reinhard, |
| *Defendant-Appellant.* | *Judge.* |

**ORDER**

For almost a decade Francis Sanchez and his codefendant pretended to be in the business of buying and flipping distressed residential properties. They lured almost 100 investors with promises of profits from their rehabbing projects, as well as from a luxury rental community they were building near Acapulco with backing from Mexican authorities. None of this was true; the partners were running a Ponzi scheme that collapsed after they took in more than $10 million. The government charged Sanchez with 20 counts of mail or wire fraud, *see* 18 U.S.C. §§ 1341, 1343, but dropped all but one count as part of a plea agreement. He was sentenced to 136 months' imprisonment and ordered to pay restitution of $7.9 million. Sanchez filed a notice of appeal, but his newly appointed lawyer contends that the appeal is frivolous and seeks permission to

withdraw under *Anders v. California*, 386 U.S. 738 (1967). Sanchez opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Sanchez's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Sanchez has told counsel that he wants his guilty plea set aside, so the lawyer first discusses whether the defendant might challenge the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Before sentencing Sanchez contemplated moving to withdraw his plea, but he never filed a motion. Accordingly, we would review only for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (7th Cir. 2004); *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

The transcript of the plea colloquy confirms that the district court substantially complied with Federal Rule of Criminal Procedure 11, from which we can infer that Sanchez understood his procedural rights and the consequences of pleading guilty. *See* FED R. CRIM. P. 11; *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003); *Schuh*, 289 F.3d at 975. The court neglected to tell Sanchez that he could compel witnesses to attend and testify at trial, *see* FED. R. CRIM. P. 11(b)(1)(E), but the lawyer correctly dismisses this omission as inconsequential because that information was included in the written plea agreement that Sanchez admittedly had read and reviewed with his attorney. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013); *Driver*, 242 F.3d at 771. Counsel has not identified any other shortcoming in the colloquy, and thus we agree with the lawyer that an appellate challenge to Sanchez's guilty plea would be frivolous.

Counsel next considers whether Sanchez could argue that the district court erred in calculating a loss amount exceeding $7 million; that figure prompted an upward adjustment of 20 levels. *See* U.S.S.G. § 2B1.1(b)(1)(K). The probation officer arrived at a total loss of $7.9 million by subtracting from gross receipts the amounts returned to investors as principal or "profits." That is the appropriate means of calculating loss from a Ponzi scheme, *see* U.S.S.G. § 2B1.1, cmt. n.3(E); *United States v. Walsh*, 723 F.3d 802, 807–09 (7th Cir. 2013); *United States v. Setser*, 568 F.3d 482, 497 (5th Cir. 2009); *United States v. Nichols*, 416 F.3d 811, 819–20 (8th Cir. 2005), and at no time did Sanchez dispute the probation officer's math. As counsel notes, Sanchez's failure to contest the probation officer's calculation and to offer competing evidence would render frivolous an appellate claim challenging the district court's adoption of that calculation. *See Walsh*, 723 F.3d at 809; *United States v. Sensmeier*, 361 F.3d 982, 989 (7th Cir. 2004).

Counsel further contemplates whether an argument can be made that Sanchez's prison sentence is unreasonable. The 136-month term is within the guidelines range of 121 to 151 months, and thus it is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 341 (2007). The district court arrived at that sentence after evaluating the factors in 18 U.S.C. § 3553(a), including Sanchez's "good personal history" and lack of prior fraudulent conduct, the large number of victims, the significant loss, the small chance that victims would be compensated, and the need to deter others from committing similar frauds. *See id.* § 3553(a)(1), (a)(2)(B), (C). Counsel has not identified any ground to rebut the presumption of reasonableness, and neither have we. Thus, an argument that the prison sentence is unreasonable would be frivolous.

Counsel last considers whether Sanchez could argue that the amount of restitution is overstated. The lawyer concludes, and we agree, that an appellate claim would be frivolous. Restitution must reflect the amount of loss actually caused by the defendant's offense. *See United States v. Dokich*, 614 F.3d 314, 318-19 (7th Cir. 2010). The government relied on the victims' bank records and the defendants' own business records to trace the funds received from, and returned to, the victims. The net amount of approximately $7.9 million is the correct calculation in setting restitution for Sanchez's fraudulent scheme. *See* 18 U.S.C. §§ 3556, 3663A; *Dokich*, 614 F.3d at 320. (In his Rule 51(b) response, Sanchez proposes to argue that the restitution order must be set aside because the amount was not charged in the indictment and proved beyond a reasonable doubt; he makes the same contention about the guidelines loss. We have said repeatedly, though, that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not apply to the calculation of restitution. *United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 593 (7th Cir. 2006); *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000). Likewise, *Apprendi* does not apply to upward adjustments under the guidelines. *See, e.g., United States v. Hollins*, 498 F.3d 622, 633 (7th Cir. 2007); *United States v. Hale*, 448 F.3d 971, 988 (7th Cir. 2006).)

Sanchez proposes one other appellate claim in his Rule 51(b) response: that the indictment is insufficient to charge mail fraud because, on his view, it is short on dates and does not accuse him in every numbered paragraph of engaging in "fraud" or "fraudulent behavior." Yet his unconditional guilty plea waived any claim about defects in the indictment. *See United States v. Cotton,* 535 U.S. 625, 632–33 (2002). And, at all events, the indictment outlines a nine-year scheme that Sanchez and his partner devised to defraud investors of millions, and it describes numerous misrepresentations they made to accomplish that end. The government needed only to allege that Sanchez devised a scheme "to deceive or cheat" his victims and that he used the mail to execute

that scheme. *See United States v. Leahy*, 464 F.3d 773, 789 (7th Cir. 2006); *United States v. Henningsen*, 387 F.3d 585, 589 (7th Cir. 2004). Moreover, the only date that matters is the date of the mailing. *See United States v. Danford*, 435 F.3d 682, 688 (7th Cir. 2005); *United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002). Thus, even a timely challenge to this indictment would have been frivolous.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.